UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NANCY J. PINNO,

        Petitioner,

v.                                                   Case No. 15-CV-296

PATTI WACHTENDORF et al.,

        Respondents.

## SCREENING ORDER

On March 17, 2015, Petitioner Nancy J. Pinno filed this petition pursuant to 28 U.S.C. § 2254, asserting that her state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Fond du Lac County Circuit Court of concealing or mutilating a corpse and obstructing an officer and was sentenced to seven-and-a-half years imprisonment and five years extended supervision. She is currently incarcerated at the Iowa Correctional Institution for Women in Mitchellville, Iowa at the direction of the Wisconsin Department of Corrections.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted

available state remedies.

Pinno claims she was denied the right to a public trial when the trial judge ordered the removal of persons other than court personnel, prospective jurors, Pinno and the attorneys from the courtroom during *voir dire* proceedings. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." The right belongs to the accused, and it applies to the states through the Fourteenth Amendment. *Presley v. Georgia*, 558 U.S. 209, 212 (2010) (citations omitted).

In *Presley*, the U.S. Supreme Court held it was "well-settled" under Supreme Court precedent that the Sixth Amendment right extends to jury *voir dire*. *Id.* at 213. The Court ruled in favor of a petitioner who argued that his right to a public trial was violated when his uncle was ordered to leave the courtroom during *voir dire. Id.* at 210, 216. Pinno's claim is similar to *Presley*, except that Pinno failed to object to the court's order during trial. Pinno raised the issue of the denial of her right to a public trial in a § 974.06 motion, and the court of appeals consolidated her case with another and certified both cases to the Wisconsin Supreme Court. The Wisconsin Supreme Court denied relief to both petitioners on July 18, 2014, holding, in a matter of first impression, that the petitioners each forfeited the right to public *voir dire* by failing to object to the court's order to exclude the public. *State v. Pinno*, 2014 WI 74, 356 Wis. 2d 106, 850 N.W.2d 207. Three Justices dissented, asserting that under established constitutional law, a defendant does not forfeit his or her right to a public trial by failing to object in a timely manner.

In light of *Presley* and the different opinions in her state case, Pinno raises a colorable constitutional issue here. She also appears to have exhausted available state court remedies. Her

2

claim will therefore go forward.[1]

Petitioner filed with her petition a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. She has done so, and I am satisfied that she lacks sufficient funds to proceed here. Accordingly, her request to proceed without prepayment of costs will be granted.

**ORDER**

THEREFORE, IT IS ORDERED that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

FURTHER, IT IS ORDERED that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to

---

[1] Pinno also filed a petition for certiorari in the United States Supreme Court. The petition was denied December 15, 2014.

file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

FURTHER, IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[2] ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have

---

[2] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

agreed to accept service of process.

      Dated this  25th  day of March, 2015.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court